Weld *v.* Chadbourne.

## WELD *versus* CHADBOURNE.

In an action against an officer for not attaching on plaintiff's writ against his debtor *certain goods* of the debtor, not in his possession, evidence that subsequently he received another writ against the same debtor and attached the *same goods*, by special request, and they were afterwards appropriated to the payment of the latter claim, is irrelevant and inadmissible.

In such action, the declarations of the plaintiff, tending to show that he had released all claim by attachment to any personal estate of the original debtor, may be given in evidence.

An officer, unless *specially ordered* is not bound to attach the goods of a debtor, out of his possession.

The law will imply no indemnity from the creditor for such an act. But the officer is required to use *diligence* and *good faith*, and if he knows of property belonging to the debtor, but not in his possession, he is bound to attach it under general orders from the creditor to attach all his property.

If a creditor *specially* directs an officer to attach *specific property* of his debtor, not in his possession, he is required to do so, although he held in his hands older precepts against the same debtor, with general orders to attach all his property.

Whether after such property has been attached under special directions, the officer is not excused from attaching the same on the older writs in his hands, from well grounded suspicions and reasonable grounds to believe that the title might be in controversy, is a question of fact to be determined by the jury.

Of the grounds of setting aside a verdict as against evidence.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding.

A motion was also filed to set aside the verdict, as being against law and the evidence in the cause.

CASE, against the defendant as sheriff, for the official neglect and misfeasance of one D. L. Littlefield, his deputy.

The writ contained three counts. The first charged neglect in omitting to attach certain personal property owned by one Samuel Thompson, jr., specifically described. The second alleged neglect in not attaching goods in said Thompson's store, upon a writ in favor of the plaintiff, before he attached them on other writs which were put into his hands subsequently to plaintiff's. The third was for a false return on plaintiff's writ.

Evidence was offered tending to prove, that in the evening of January 31, 1848, the plaintiff sued out a writ in his favor against said Thompson, and put it into the hands of Littlefield, with directions to attach the goods of Thompson in his store, and all other goods belonging to him that could be found; *that*, on the same evening, three writs were sued out against said Thompson in favor of one Allen, Hussey and Hatch, and that on January 20, prior, another writ against Thompson had been sued out in favor of one Goodwin, on which there was an attachment of real estate; *that* all these writs were put into the hands of Littlefield for service; *that* some of the goods in Thompson's store, during that evening, had been carried across the street into the store of one Samuel B. Emery, with the knowledge and by the aid of Littlefield, in pursuance of an arrangement between said Hatch and Thompson, for the purpose of paying Hatch's debt; *that* Hatch directed Littlefield to return the goods in Thompson's store on his writ, subject to the attachment of the same goods on the writs of Goodwin, Allen and Hussey, and also to return the goods which had been carried into Emery's store, as attached on his writ; and *that* Littlefield conformed to these directions of Hatch.

The goods carried into Emery's store, were also attached and returned by Littlefield upon a writ in favor of said Emery and by his directions, which writ came into his hands subsequently to the plaintiff's writ, but those goods were

not returned as attached upon the writ in favor of the plaintiff.

The real estate of said Thompson was attached on the writs of Goodwin, Allen, Hussey and Hatch, prior to the attachment of the real estate on plaintiff's writ.

The goods in Thompson's store were also returned as attached on Goodwin's, Allen's and Hussey's writ, prior to the attachment of the same on plaintiff's writ.

Judgment was obtained in all the suits at the same term of the Court in York county. Within thirty days after judgment, the plaintiff's execution was placed in the hands of Littlefield, with directions to satisfy it out of the personal property of said Thompson, as far as it might go, and the balance to be levied on real estate.

The executions in favor of Goodwin, Allen, Hussey and Hatch, were put into the hands of Samuel Lord, another deputy of defendant, who sold the goods attached in Thompson's store, upon Goodwin's execution, and after paying Goodwin's, Allen's, Hussey's and Hatch's executions, there was a balance remaining of $74,10, which he paid on plaintiff's execution.

The goods carried into Emery's store, which are the same specifically described in the first count of plaintiff's writ, were sold by said Lord on Emery's execution for $134,43, after paying all expenses, and no part of the proceeds were paid to the plaintiff, or on the executions in favor of said Goodwin, Allen or Hatch, but $55,82, of the proceeds, were appropriated to pay the execution of said *Emery* v. *Thompson.*

The plaintiff's execution was satisfied in part by a levy on real estate of Thompson; but a large balance remains due, and the said Thompson has since died insolvent.

At the term when judgment in those suits was rendered, upon the docket under the entries of Goodwin, Allen, Hussey and Hatch against Thompson was this memorandum, "executions not to be levied on real estate in any event, but to be satisfied on personal estate, if it be found."

The plaintiff offered to prove that Littlefield attached the goods removed to Emery's store on a writ in favor of Denison & Co., against Thompson, made Feb. 2, 1848, and that a portion of the proceeds of the sale of the same goods was appropriated to pay the execution recovered in that suit; but the Judge rejected the testimony.

The defendant showed by Samuel Lord, that at the term of the Court when those judgments were obtained, the plaintiff said to him, "that he had got a number of cases settled up that day; that he was to take the real estate of said Thompson, and the other creditors the personal property; said he thought he had done a pretty good day's work."

This evidence was objected to by the plaintiff, as tending to vary or alter the effect of the docket entry by parol, but the Court admitted it.

The presiding Judge gave the following instructions to the jury: — *that* if the goods were not in the possession of the debtor, Thompson, the law would not imply an indemnity to the officer, if he should attach them, and he would not be bound to attach them, unless specially ordered so to do, by the creditor or his attorney; and also *that* if such special orders were not given, but only general orders to attach the real estate, and all the personal estate in said Thompson's store, and all the personal estate belonging to said Thompson, which he could find; and if Samuel B. Emery specially directed the officer to attach the goods in his store, on a writ in his favor, it was the duty of the officer to attach them on Emery's writ, before attaching them on the writ of the plaintiff, notwithstanding Emery's writ came into the hands of Littlefield after Weld's writ, with the general orders before mentioned; and *that*, if the goods in Emery's store were not in Thompson's possession, and were not specially designated by the plaintiff or his attorney in the directions given to the officer, he was not bound to attach them on the plaintiff's writ, if he had reasonable ground to believe that the ownership would be in dispute,

and that a controversy might arise in reference to them, as whether they were the property of Hatch or Thompson; *that* he was not obliged to determine officially the title to the property, or the legal rights of the respective claimants; *that* diligence and good faith were required of the officer, and that if he knew that the goods in Emery's store belonged to Thompson, and had no good reason to doubt or disbelieve it, he was obliged to attach them under the general orders for attaching; *that*, if those goods were in the possession of the officer, only by virtue of an attachment made by him for Hatch, under his special directions to attach them, it would not necessarily follow, that they were Thompson's property; and that the officer might still have "well grounded suspicions" and reasonable grounds to believe that the title to such goods was in controversy; *that* this was a question of fact for the consideration of the jury.

The Judge also instructed the jury, that they were to determine from the evidence in the case, whether they were satisfied or not that the plaintiff had released his claim or waived it to any part of the personal estate; and then referred to the entries upon the docket, in testimony, and said it was a question for them to determine, whether Weld did or did not assent to those entries, or agree to waive any or all claim against the officer Littlefield, in reference to the order or manner of the attachments of the property.

A verdict was returned for defendant, and the plaintiff excepted to the instructions, rulings, &c.

*N. D. Appleton* and *D. Goodenow*, for plaintiff.

1st. Proposition, " that if the goods were not in the possession of the debtor Thompson, the law would not imply an indemnity to the officer if he should attach them, and he would not be bound to attach them, unless specially ordered so to do by the creditor or his attorney," is erroneous.

There is no such proposition in law.

Because, it has been held that the law would imply an indemnity, where goods are in the possession of the debtor, it does not follow, that the converse of the proposition is

true; and this is not true in all cases. The officer may know it is otherwise.

The officer may have much more certain knowledge of the title of the debtor to the property, than that which would arise from mere possession. See general principle in *Gower* v. *Emery,* 18 Maine, 79; *Bond* v. *Ward,* 7 Mass. 126, 127. The officer did "not use due diligence and make all reasonable inquiry and search."

2nd Instruction is erroneous.

The officer's duty attaches when he receives the first writ. He is the creditor's agent, and is bound to act faithfully for him. He is not at liberty to accept any other engagement, inconsistent with his duty to the first employer. *Payne* v. *Denne,* 4 East, 538.

3. That he was not bound to attach the goods on plaintiff's writ if he seasonably received it, is also erroneous. There is a difference between believing there would be a *dispute* or a *controversy;* and believing there is good grounds for it. When a claim is made, the officer is to exercise a *reasonable* judgment.

4. The next instruction is also erroneous;—for, 1, there should be a *reasonable controversy,* not such an one as a reckless litigious man would get up without any probable cause. 2. The officer, in such case, if he had fears, should have asked for an indemnity.

5. The effect of the entries upon the docket was a question of law, and should not have been left to the jury.

The declarations of Weld, proved by Lord, should not have been admitted to alter or vary the *legal effect* of those entries. They might have had an effect upon the jury which they would not have had upon the Court.

As to the transaction at May term, 1849.

1. It was between other parties. Littlefield was no party to it.

2. It was all Weld could then do. The mischief, as to him, had been done, by not making or returning the attachment.

3. Weld relinquished nothing.   No entry under his action.

4. It was an arrangement to prevent lapping on the real estate by levies.

5. Weld said nothing which could alter the legal effect of the entries upon the docket.

*Shepley* and *Hayes,* for defendant.

HATHAWAY, J. — This case is presented on exceptions and a motion for a new trial.

The instructions given the jury, by the Judge who presided at the trial, are in accordance with the law, as decided in the same case, in which an opinion was delivered by the Chief Justice, in York County, April term, 1852, (not yet reported,) which is referred to as an authority.

The testimony offered concerning the subsequent attachment of the goods in Emery's store, on Dennison & Co's. writ of the second of February, was entirely irrelevant and rightly excluded.

The declarations of the plaintiff, as testified to by Samuel Lord, had a tendency to prove that an agreement had been made by the plaintiff with the other attaching creditors of Thompson, by which, in the levy of their several executions, the plaintiff gave up his claim to the personal property attached, and they surrendered to him, their claim to the real estate.   The case presents no reason why the testimony of Lord should have been excluded; it was pertinent to the issue and was properly admitted.

A verdict should not be set aside as against evidence, where there is evidence on both sides, unless in extraordinary cases, where it is manifest that the jury have mistaken, or abused their trust.   *Baker* v. *Briggs,* 8 Pick. 122; *Glidden* v. *Dunlap,* 28 Maine, 379.

Upon a careful consideration of all the testimony reported in the case, we do not think the Court would be justified in determining that the jury must have been mistaken, or that their minds must have been under improper influences

in forming, from the evidence reported, the conclusion, which was expressed by their verdict.

*Exceptions and motion overruled.*

SHEPLEY, C. J., and HOWARD, RICE and CUTTING, J. J., concurred.